## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **CHARLES LITTLEWOOD**, )<br>c/o Cornerstone Law Firm )<br>8350 N. St. Clair Ave, #225 )<br>Kansas City, MO 64151 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**MIDWEST TRANSPORT** )<br>**SPECIALISTS, INC.**, a Kansas corporation, )<br>*Registered Agent:* )<br>Swartz, Russ )<br>1603 W. Main St., )<br>Blue Springs, MO 64105 )<br>)<br>Defendant. ) | Case No. _____<br><br>**REQUEST FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Charles Littlewood, by and through his attorney, and for his cause of action against Defendant Midwest Transport Specialists, Inc., alleges and states as follows:

### Parties and Jurisdiction

1. This is an employment case based upon the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADAAA").

2. Plaintiff Charles Littlewood (hereinafter, "Plaintiff") is a male citizen of Hesperia, California.

3. Defendant Midwest Transport Specialists, Inc. (hereinafter, "MTS") is and was at all relevant times a for-profit corporation incorporated under the laws of Kansas with its principal place of business located at 400 Kansas Ave., Kansas City, Johnson County, Kansas 66105.

4. MTS conducts substantial and continuous business in the state of Kansas.

Case 2:17-cv-02616-JWL-KGG   Document 1   Filed 10/23/17   Page 2 of 6

5. At all relevant times, MTS employed fifteen (15) or more employees.

6. At all relevant times, MTS employed one hundred (100) or more employees.

7. At all relevant times, MTS engaged in interstate commerce.

8. MTS is an employer within the meaning of the ADAAA.

9. Jurisdiction is proper in the District of Kansas pursuant to 28 U.S.C. § 1331, as some or all of Plaintiff's claims arise under the laws of the United States.

10. Venue is proper in the District of Kansas pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

## Administrative Procedures

11. On January 3, 2017, Plaintiff timely filed a Charge of Discrimination against ScriptPro with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation (attached as Exhibit 1 and incorporated herein by reference),

12. On August 8, 2017, the EEOC issued to Plaintiff a Notice of Right to Sue (attached as Exhibit 2 and incorporated herein by reference), and this lawsuit was filed within ninety days of the issuance of the same.

13. The aforesaid Charge of Discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be as broad as the scope of an EEOC investigation which could reasonably be expected to have grown out of the Charge of Discrimination.

14. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

15. This action is filed within the applicable statute of limitations.

*Charles Littlewood v. Midwest Transport Specialists, Inc.*   2 of 6
Case No. _____
Complaint

**Additional Factual Allegations**

16. MTS is a towing and transport company based in Kansas City, Kansas.

17. In September 2016, Plaintiff submitted an application for the position of Driver Manager at MTS.

18. On October 18, 2016, at MTS's direction and pursuant to the Federal Motor Carrier Safety Regulations, 49 C.F.R. §§ 391.41-391.49, Plaintiff underwent a physical medical examination.

19. Plaintiff's medical examination was administered by Dr. William Raue in Kansas City, Kansas.

20. During the medical examination, Dr. Raue questioned Plaintiff at length about Obstructive Sleep Apnea Syndrome ("OSA").

21. During the medical examination, Plaintiff denied having any symptoms associated with OSA.

22. During the medical examination, Plaintiff denied having a history of OSA.

23. Dr. Raue completed Plaintiff's medical examination and provided Plaintiff a report of the examination results.

24. Dr. Raue's report indicated that Plaintiff might suffer from OSA.

25. Dr. Raue's report revealed that Plaintiff had a Body Mass Index of 45.30, which qualified Plaintiff as "morbidly obese."

26. Dr. Raue's report stated that Plaintiff satisfied the medical standards as required by the Federal Motor Carrier Safety Regulations.

27. Despite this, Dr. Raue only cleared Plaintiff to work for three months.

28. Dr. Raue instructed Plaintiff to undergo a sleep study and report back to him once he received his results.

29. Prior to receiving the results of Dr. Raue's medical examination of Plaintiff, MTS emailed Plaintiff an offer of employment.

30. Approximately two and a half hours after MTS extended its offer to employment to Plaintiff, MTS revoked the offer.

31. Under information and belief, upon receiving the results of Plaintiff's medical examination, MTS made the decision to revoke its offer of employment to Plaintiff.

32. After MTS revoked its offer of employment, the owner of MTS told Plaintiff that he was "too short, fat, and probably lazy" to work.

## COUNT I
### Violation under 42 U.S.C. §§ 12101 *et seq.*
### Disability Discrimination

33. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

34. At all relevant times, Plaintiff was a member of a class of persons protected by the ADAAA because MTS regarded Plaintiff as having one or more physical impairments.

35. MTS regarded Plaintiff as being obese or morbidly obese.

36. MTS regarded Plaintiff as having OSA.

37. At all relevant times, Plaintiff was a qualified individual because he could perform the essential functions of the job in question.

38. Defendant terminated and/or revoked Plaintiff's employment.

39. Plaintiff's perceived physical impairment(s) was at least a motivating factor in MTS's decision to terminate and/or revoke Plaintiff's employment.

40. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of MTS, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by MTS, thus making MTS liable for said actions under the doctrine of *respondeat superior*.

41. MTS failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

42. MTS failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the ADAAA.

43. As shown by the foregoing, Plaintiff suffered intentional discrimination at the hands of MTS, based on his perceived disability, in violation of the ADAAA.

44. As a direct and proximate result of MTS's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

45. As a further direct and proximate result of MTS's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of emotional distress and related compensatory damages.

46. As shown by the foregoing, MTS's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish MTS or to deter it and other companies from like conduct in the future.

47. Pursuant to the provisions of the ADAAA, Plaintiff is entitled to recover reasonable attorneys' fees from MTS.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against MTS for economic damages, including but not limited to back-pay and the value of lost benefits; for compensatory damages, including but not limited to emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

### Demand for Jury Trial and Designation of Place of Trial

Plaintiff requests a trial by jury, in Kansas City, Kansas, on all counts and allegations of wrongful conduct alleged in this Complaint.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By:  /s/ Joshua P. Wunderlich
Joshua P. Wunderlich D Kan. #78506
j.wunderlich@cornerstonefirm.com
8350 N. St. Clair Ave., Ste. 225
Kansas City, Missouri 64151
Telephone          (816) 581-4040
Facsimile          (816) 741-8889
ATTORNEY FOR PLAINTIFF